Attachment A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**FILED**

AUG 31 2020

U.S. DISTRICT COURT-WVND
MARTINSBURG, WV 25401

Timothy Sims

*Your full name*

v.

Jane Doe #1 (known as
P.A. A. Wilson), in her
personal and official capacity

*Enter above the full name of defendant(s) in this action*

**FEDERAL CIVIL RIGHTS**
**COMPLAINT**          **Groh**
**(*BIVENS* ACTION)**      **Trumble**
                                             **Sims**

Civil Action No.: __3:20-CV-161__
*(To be assigned by the Clerk of Court)*

## I.  JURISDICTION

This is a civil action brought pursuant to **Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)**.  The Court has jurisdiction over this action pursuant to Title 28 U.S.C. §§ 1331 and 2201.

## II.  PARTIES

*In Item A below, place your full name, inmate number, place of detention, and complete mailing address in the space provided.*

A.   Name of Plaintiff: Timothy Sims   Inmate No.: 42945-037
Address: PO Box 6000  Glenville, WV 26351

*In Item B below, place the full name of each defendant, his or her official position, place of employment, and address in the space provided.*

**Attachment A**

B.      Name of Defendant: _Jane Doe #1 (known as P.A. A. Wilson)_
        Position: _Physician Asst._
        Place of Employment: _FCI Gilmer_
        Address: _201 FCI Lane Glenville, WV 26351_

_____

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☒ Yes          ☐ No

If your answer is "YES," briefly explain: _FBop employee_

_____
_____
_____

B.1     Name of Defendant: _____
        Position: _____
        Place of Employment: _____
        Address: _____

_____

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☐ Yes          ☐ No

If your answer is "YES," briefly explain: _____

_____
_____
_____
_____

B.2     Name of Defendant: _____
        Position: _____
        Place of Employment: _____
        Address: _____

_____

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☐ Yes          ☐ No

If your answer is "YES," briefly explain: _____

_____

_____

_____

_____


B.3    Name of Defendant: _____
       Position: _____
       Place of Employment: _____
       Address:  _____

       _____

       Was this Defendant acting under the authority or color of federal state
       law at the time these claims occurred?     ☐ Yes          ☐ No

       If your answer is "YES," briefly explain: _____

       _____

       _____

       _____

       _____


B.4    Name of Defendant: _____
       Position: _____
       Place of Employment: _____
       Address:  _____

       _____

       Was this Defendant acting under the authority or color of federal state
       law at the time these claims occurred?     ☐ Yes          ☐ No

       If your answer is "YES," briefly explain: _____

       _____

       _____

       _____

       _____

**Attachment A**

B.5    Name of Defendant: _____
       Position: _____
       Place of Employment: _____
       Address: _____
       _____

       Was this Defendant acting under the authority or color of federal state
       law at the time these claims occurred?    □ Yes        □ No

       If your answer is "YES," briefly explain: _____
       _____
       _____
       _____
       _____

III.    PLACE OF PRESENT CONFINEMENT

Name of Prison/ Institution: FCI Gilmer _____

       A.    Is this where the events concerning your complaint took place?
             ☒ Yes        □ No

             If you answered "NO," where did the events occur?
             _____

       B.    Is there a prisoner grievance procedure in the institution
             where the events occurred?        ☒ Yes        □ No

       C.    Did you file a grievance concerning the facts relating to this complaint in the
             prisoner grievance procedure?
             ☒ Yes        □ No

       D.    If your answer is "NO," explain why not: _____
             _____
             _____

       E.    If your answer is "YES," identify the administrative grievance procedure
             number(s) in which the claims raised in this complaint were addressed

Attachment A

and state the result at level one, level two, and level three. **ATTACH GRIEVANCES AND RESPONSES:**

LEVEL 1 _BP-8/9    Denied_

LEVEL 2 _BP-10    Denied_

LEVEL 3 _BP-11    Denied_

IV.    PREVIOUS LAWSUITS AND ADMINISTRATIVE REMEDIES

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?        ☐ Yes        ☒ No

B.    If your answer is "YES", describe each lawsuit in the space below. If there is more than one lawsuit, describe additional lawsuits using the same format on a separate piece of paper which you should attach and label: "IV PREVIOUS LAWSUITS"

1.    Parties to this previous lawsuit:

Plaintiff(s):_____

Defendant(s):_____

2.    Court: _____
*(If federal court, name the district; if state court, name the county)*

3.    Case Number:_____

4.    Basic Claim Made/Issues Raised: _____
_____
_____
_____

5.    Name of Judge(s) to whom case was assigned:
_____

6.    Disposition: _____
*(For example, was the case dismissed?  Appealed?  Pending?)*

7.    Approximate date of filing  lawsuit:_____

**Attachment A**

8.    Approximate date of disposition. Attach Copies:_____

C.    Did you seek informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part B?

        ☐ Yes        ☐ No

D.    If your answer is "YES," briefly describe how relief was sought and the result. If your answer is "NO," explain why administrative relief was not sought.

_____

_____

_____

_____

E.    Did you exhaust available administrative remedies?

        ☒ Yes        ☐ No

F.    If your answer is "YES,", briefly explain the steps taken and attach proof of exhaustion. If your answer is "NO," briefly explain why administrative remedies were not exhausted.

All FBOP Administrative Remedies denied
_____

_____

_____

_____

G.    If you are requesting to proceed in this action *in forma pauperis* under 28 U.S.C. § 1915, list each civil action or appeal you filed in any court of the United States while you were incarcerated or detained in any facility that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Describe each civil action or appeal. If there is more than one civil action or appeal, describe the additional civil actions or appeals using the same format on a separate sheet of paper which you should attach and label "G. PREVIOUSLY DISMISSED ACTIONS OR APPEALS"

1.    Parties to previous lawsuit:

**Attachment A**

Plaintiff(s): _____

Defendant(s): _____

2.   Name and location of court and case number:

_____

_____

_____

3.   Grounds for dismissal:   □ frivolous   □ malicious
     □ failure to state a claim upon which relief may be granted

4.   Approximate date of filing lawsuit: _____

5.   Approximate date of disposition: _____

## V.   STATEMENT OF CLAIM

*State here, as **BRIEFLY** as possible, the facts of your case.  Describe what each defendant did to violate your constitutional rights.  **You must include allegations of specific wrongful conduct as to EACH and EVERY defendant in the complaint.** Include also the names of other persons involved, dates, and places.  Do not give any legal arguments or cite any cases or statutes.  If you intend to allege a number of related claims, you must number and set forth each claim in a separate paragraph.*  **UNRELATED CLAIMS MUST BE RAISED IN SEPARATE COMPLAINTS WITH ADDITIONAL FILING FEES.  NO MORE THAN FIVE (5) TYPED OR TEN (10) NEATLY PRINTED PAGES MAY BE ATTACHED TO THIS COMPLAINT. (LR PL 3.4.4)**

CLAIM 1: Wilson, personally aware of Sims' serious medical condition of a ruptured Achilles heel, obstructed his medically needed surgery and ignored his multiple complaints of pain.

_____

_____

Supporting Facts: In March 2018, Sims ruptured his right Achilles

**Attachment A**

tendon. He reported to prison HSU, where he was treated conservatively.

Cont'd on attached

CLAIM 2: Wilson violated Sims' constitutional rights by obstructing his ability to procure adequate medical care.

Supporting Facts: Sims retains a guaranteed right not to be deprived from accessing needed medical care. Wilson's conduct obstructed Sims' ability to procure needed medical care, imposing atypical and significant hardship on him.

CLAIM 3: _____

Supporting Facts: _____

CLAIM 4: _____

Supporting Facts: _____

Attachment A

CLAIM 5: _____

_____

_____

_____

_____

Supporting Facts: _____

_____

_____

_____

_____

## VI.    INJURY

Describe **BRIEFLY and SPECIFICALLY** how you have been injured and the exact nature of your damages.

Wilson's conduct irreparably harmed Sims and caused him to sustain tremendous pain and suffering. Sims' limited mobility and recurring gait problems will continue for the rest of his life.

## VII.    RELIEF

State **BRIEFLY and EXACTLY** what you want the Court to do for you. *Make no legal arguments. Cite no cases or statutes.*

Sims requests that judgment be entered against Wilson, and the Court grant the following:

Cont'd on attached

**Attachment A**

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and accurate.  Title 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at _____Glenville, WV_____ on _____8/28/2020_____.
　　　　　　　　　(Location)　　　　　　　　　　　　(Date)

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Your Signature

Section VII Relief Cont'd

a) An order and judgment declaring:

1. Wilson was deliberately indifferent to Sims' serious medical condition, which violated his right to be free from cruel and unusual punishment guaranteed by the U.S. and West Virginia constitutions; and

2. Pursuant to the U.S. and W.V. Constitutions, Wilson's conduct violated Sims' protected liberty interest to procure necessary medical care.

b) An order and judgment enjoining:

1. The further deprivation of Sims' rights to adequate medical care and to due process.

c) Nominal damages;

d) All other relief as may be just and proper.

Sims requests a trial by jury.

1.    In March 2018, while playing basketball at FCI Gilmer, Timothy Sims felt his right Achilles tendon rupture. He reported to Health Services where FBOP employee Houchin examined him. Houchin treated Sims' ruptured Achilles heel conservatively.

2.    Two weeks later, Sims was sent out to an orthopedist specialist—Dr. Joseph Snead. Dr. Snead diagnosed the injury as a serious rupture and surgical repair was required immediately. Dr. Snead expressed the urgency to properly fix the serious injury.

3.    Over one month later, Sims sent an email to FBOP HSU employee A. Wilson asking when the surgery would be scheduled. Pursuant to Dr. Snead's concern, Sims raised the issue of a delay in surgery causing additional harm. Wilson responded that his surgery had been approved.

4.    Weeks later, Sims was transported from the prison for what he thought was the scheduled surgery. Instead, he was taken to a different doctor (Dr. Robert Santrock) for another examination. Dr. Santrock's May 3, 2018 Encounter Notes identified a chronic Achilles tendon rupture; stated Sims is "going to have a complex postoperative course"; and ordered an MRI. Wilson reviewed the Doctor's Notes.

5.    On June 20, 2018, Sims sent another email to Wilson expressing his concern about the harm from the delay in surgery.

6.    On July 20, 2018, five months after the injury, Sims sent another email to Wilson epxressing his pain and discomfort and concerns regarding the delay to surgically repair his injury.

7.    In August 2018, Sims was transported back to Dr. Snead's office with the understanding that his surgery would be performed. The nurse at the Doctor's office stated that he was not scheduled with Dr. Snead but was scheduled for a completely different doctor. The trip was a complete waste of time and resources.

8.    In September 2018, seven months from the injury, Sims sent another email to Wilson with his concerns over the delay. Wilson advised his surgery had been rescheduled.

9.    On September 25, 2018, Sims was transported back to Dr. Santrock. The Encounter Notes indicate that over seven months later, Sims "has not been able to do much activity outside of walking...walking does hurt and stairs are especially painful".

10.    Dr. Santrock stated "I've got good news and bad news...they [FBOP] took too long to bring you back...scar tissue has formed over the Achilles...I would be doing you a disservice if I put you under the knife...because your incarceration would not permit proper postoperative rehab."

11.    Notably, the Encounter Notes stated Sims' pain would last "over months to years".

## ALLEGATIONS

12.    The delay,which turned into a denial of medically necessary surgery, resulted in a marked exacerbation of Sims' condition and prolonged his pain. As no other plausible explanation exists, upon information and belief, the delay of surgery was due to budget restraints of FBOP health care for inmates.

13.    The FBOP completely denied Sims, the prescribed medical treatment plan by his Doctor.

14.    Wilson, as Sims' source for medical treatment, owed him a duty to act reasonably considering his dire need for surgery. She was aware he was in pain and was suffering because of the delay in his prescribed surgery, yet was dismissive to Sims' complaints.

15.    Wilson was aware that rapid surgery was needed yet opted for an easier and less efficacious treatment—physical therapy.

16.    Wilson, as a trained medical provider, recklessly disregarded the substantial risk that delay in repairing Sims' injury would permanently harm him.

2