## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## MARTINSBURG

**TIMOTHY SIMS,**

      Plaintiff,

**v.**                                    **CIVIL ACTION NO.: 3:20-CV-161 (GROH)**

**UNITED STATES OF AMERICA,**
**A. WILSON, E. ANDERSON and**
**INTEGRATED MEDICAL SYSTEMS, LLC,**

      Defendants.

### ORDER ADOPTING REPORT AND RECOMMENDATION IN PART AND REFERRING THE CASE TO MEDIATION BEFORE MAGISTRATE JUDGE ALOI

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble. Pursuant to the Local Rules, this civil action was referred to Judge Trumble for submission of a proposed R&R. Magistrate Judge Trumble issued an R&R [ECF No. 84] on November 21, 2022. In the R&R, Judge Trumble recommends that Defendant Anderson's Motion to Dismiss be granted, the United States of America and Defendant Wilson's Motion to Dismiss be granted in part, and that the Plaintiff's claims against the United States proceed pursuant to the Federal Tort Claims Act.

The Defendants timely filed objections to the R&R. ECF No. 87. The Plaintiff filed a Response to the R&R and Defendants' Objections. ECF No. 90. Of note, the Plaintiff does not object to the R&R and "agrees to withdraw his Bivens claims." Id. at 1. Based upon Plaintiff's concession, his Bivens claims are hereby **DISMISSED**.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Further, failure to file timely objections constitutes a waiver of *de novo* review and the Plaintiff's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir.1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.1984). Pursuant to this Court's local rules, "written objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection." LR PL P 12(b). The local rules also prohibit objections that "exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation." LR PL P 12(d).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012). "Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original

2

papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." Taylor v. Astrue, 32 F. Supp. 3d 253, 260-61 (N.D.N.Y. 2012).

Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; See also Fed. R. Civ. P. 72(b); LR PL P 12. Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required by a district court adopting an R&R).

The Defendants' objections are divided into two sections: the Plaintiff's Bivens claim and his FTCA claim. Although the Plaintiff now agrees that dismissal of his Bivens claim is appropriate, and it has been dismissed, the Court finds it appropriate to sustain the Defendants' first objection to the R&R's Bivens analysis. Specifically, the R&R's finding that "[t]he recommendation that Plaintiff's FTCA claim should proceed means that Plaintiff's Bivens claim could also proceed" is a misstatement of the law, and therefore, it is not adopted.

The remainder of the Defendants' objections to the R&R's Bivens analysis address

the R&R's application of the facts in this case to the Bivens framework, but given the misstatement of law noted above, the Undersigned is not inclined to adopt any of the R&R's Bivens analysis. Thus, without examining the merits of Defendants' remaining objections to the R&R's Bivens analysis, the Undersigned simply declines to adopt the R&R's Bivens analysis altogether based upon concern for an incorrect lens through which that claim was viewed. Nonetheless, the parties agree that the Bivens claim should be dismissed and Plaintiff has voluntarily withdrawn it, so the practical effect of declining to adopt this portion of the R&R is somewhat circumscribed.

The Defendants object to two findings with regard to the R&R's FTCA analysis: 1) "that the Plaintiff has demonstrated that BOP health care providers 'failed to exercise that degree of care, skill and learning required or expected of a reasonable, prudent health care provider'"; and 2) "that Plaintiff states a prima facie claim upon which relief may be granted as to his FTCA claim for medical negligence." ECF No. 87 at 4 (quoting R&R at 44).

The Defendants objections are **OVERRULED**. The Undersigned agrees with Magistrate Judge Trumble's FTCA analysis and notes that the Defendants' objections do not cite a case in support of their position. It appears that they simply do not want the case to proceed and take issue with the seriousness of Plaintiff's injury. Nonetheless, the R&R correctly laid out the facts of this case and applied them to the appropriate law, which Defendants do not dispute. Thus, the R&R reached the correct finding, and it shall be adopted by this Court.

Therefore, Magistrate Judge Trumble's R&R is **ADOPTED IN PART**. ECF No. 84. Specifically, the R&R is adopted except for its analysis of Plaintiff's Bivens claim. The

4

Plaintiff's Bivens complaint [ECF No. 51] is nonetheless **DISMISSED WITHOUT PREJUDICE**. Accordingly, the Defendants' Motions to Dismiss the Bivens claim is **GRANTED** to the extent it seeks dismissal without prejudice. ECF Nos. 60 & 56. The United States' Motion to Dismiss Plaintiff's FTCA claim is **DENIED**. ECF Nos. 60 & 55. The Plaintiff's Motion regarding service of process on IMS [ECF No. 83] is **TERMINATED AS MOOT**, and the Plaintiff's FTCA complaint [ECF No. 52] shall proceed in its normal course.

Prior to entering a scheduling order, the Court finds early mediation is appropriate in this case. Therefore, **the Court ORDERS the parties to mediate this case before the Honorable Magistrate Judge Michael J. Aloi on or before April 21, 2023**. Any information regarding scheduling the mediation or expectations of the parties in preparation or who is expected to attend (and how they may attend) shall be at the sole discretion of Magistrate Judge Aloi.

The Undersigned finds this may be a rare case where the law permits court-appointed counsel in a civil case. If the Plaintiff wishes the Court to consider whether counsel should be appointed, the plaintiff may file a motion to that effect as soon as practicably possible, and the Court will take it under advisement.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to the Plaintiff by certified mail, return receipt requested, at his last known address as reflected on the docket sheet and to transmit copies to Magistrate Judge Aloi and all counsel of record.

**DATED:** March 8, 2023

GINA M. GROH
UNITED STATES DISTRICT JUDGE